Jan Dolan, Office Manager City of Centerton 290 Main Street Post Office Box 208 Centerton, AR 72719
Dear Ms. Dolan:
I am writing in response to your request for an opinion on the following:
 The enclosed Interlocal Cooperation Agreement Regarding Animal Control between Centerton Highfill is being submitted for Attorney General review and approval pursuant to Arkansas Code of 1987 annotated, Title 25, Chapter 20, Subchapter 1, the Interlocal Cooperation Act.
RESPONSE
As described below, the submitted Interlocal Cooperation Agreement meets the statutory requirements and is approved as submitted.
The Arkansas Code requires that the Office of the Attorney General approve all interlocal agreements under A.C.A. §§ 25-20-101 through 108 (Repl. 2002), which states in pertinent part:
 (f)(1) Every agreement made under this section prior to and as a condition precedent to its entry into force shall be submitted to the Attorney General, who shall determine whether the agreement is in proper form and compatible with the laws of this state.
 (2) The Attorney general shall approve any agreement submitted to him or her under this section unless he or she shall find that it does not meet the conditions set forth in this section and shall detail, in writing addressed to the governing bodies of the public agencies concerned, the specific respects in which the proposed agreement fails to meet the requirements of law.
 (3) Failure to disapprove of an agreement submitted hereunder within sixty (60) days of its submission shall constitute approval thereof.
A.C.A. § 25-20-104(f) (Repl. 2002).[1]
The Interlocal Cooperation Act is intended to allow local governmental units to make a more efficient use of resources available so that services and facilities may be offered in conjunction with other localities to better serve the "needs of local communities." A.C.A. §25-20-102 (Repl. 2002). Pursuant to the Interlocal Cooperation Act, each Interlocal Cooperation Agreement must meet the following pertinent requirements:
 (c) Any agreement for joint or cooperative action shall specify the following:
(1) Its duration;
 (2) The precise organization, composition, and nature of any separate legal or administrative entity created thereby, together with the powers delegated to it, provided that the entity may be legally created;
(3) Its purposes;
 (4) The manner of financing the joint or cooperative undertaking and of establishing and maintaining a budget therefore;
 (5) The permissible methods to be employed in accomplishing the partial or complete termination of the agreement and for disposing of property upon the partial or complete termination; and
(6) Any other necessary and proper matters.
 (d) In the event that the agreement does not establish a separate legal entity to conduct the joint or cooperative undertaking, in addition to the items enumerated in subdivisions (c)(1) and (c)(3)-(6) of this section, the agreement shall contain the following:
 (1) Provisions for an administrator or joint board responsible for administering the joint or cooperative undertaking. In the case of a joint board, public agencies party to the agreement shall be represented; and
 (2) The manner of acquiring, holding, and disposing of real and personal property used in the joint or cooperative undertaking.
A.C.A. §§ 25-20-104 (c)-(d) (Repl. 2002).
The Interlocal Cooperation Agreement submitted with this request for an opinion details a joint operation between the cities of Centerton and Highfill to provide animal control services to members of both cities. The agreement states that neither city is able to properly provide animal control services independently and that the city of Highfill will provide the facility needed while Centerton will provide the animal control officer and needed staff. In providing the facility under this agreement, Highfill will also be responsible for utilities, maintenance, and upkeep costs. The facility will, if purchased or built by Highfill, remain the property of the City of Highfill. Centerton will provide the staff needed to provide animal control services as well as supplies necessary to provide these services. A joint committee consisting of both mayors and both chiefs of police will provide oversight according to the agreement. Highfill and Centerton have also specified the duration of the agreement in that it is renewable every calendar year and the agreement may only be terminated by 90 days notice prior to the renewal of the agreement for a year or by mutual assent of the cities. Furthermore, a procedure for establishing fees and the accounting of those fees is provided in the agreement.
In my opinion, this agreement meets the statutory requirements of the Interlocal Cooperation Act and I approve the agreement as submitted.
Assistant Attorney general Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh
[1] The Interlocal Agreement was received by this office on August 19, 2005. The sixty-day time limit in A.C.A. § 25-20-104(f)(3) therefore expires on October 18, 2005.